■ ANTHONY FUSCO et al., Appellants, v BARNWELL HOUSE OF TIRES, INC., et al., Respondents. [792 NYS2d 524]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 12, 2004, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Anthony Fusco did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from a judgment of the same court entered April 29, 2004, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants' motion for summary judgment was based upon the injured plaintiff's deposition testimony and medical records (*see Hodges v Jones*, 238 AD2d 962 [1997]), as well as the affirmed reports of the defendants' examining orthopedist, neurologist, and dentist, each of whom made detailed findings and concluded that the plaintiff did not sustain a serious injury (*see Gleason v Huber*, 188 AD2d 581, 582 [1992]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). This evidence was plainly sufficient to establish, prima facie, the defendant's entitlement to summary judgment (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

In contrast, the plaintiffs' evidence was insufficient to raise a triable issue of fact. The narrative report of the injured plaintiff's treating physician stated only that there was a "probable" causal relationship between the plaintiff's complaints of physical limitations and pain and the subject accident. Moreover, the plaintiff presented no evidence to substantiate his claim of a Temporomandibular Joint Dysfunction (TMJ) injury.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.